## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**CATHY WILLIAMS,**

    **PLAINTIFF,**

**v.**

**WEST VIRGINIA DIVISION OF CORRECTIONS, WEXFORD HEALTH SOURCES, INC., CRAIG SMITH, WARDEN LORI NOHE, ADMINISTRATIVE ASSISTANT PAULA TOMLIN, HEIDI BEEGLE, AND JOHN/JANE DOE,**

    **DEFENDANTS.**

Civil Action No. __2:19-496__

**(Formerly Civil Action No. 17-C-986 in the Circuit Court of Kanawha County, WV)**

### NOTICE OF REMOVAL

NOW COME Defendants West Virginia Division of Corrections and Warden Lori Nohe, by counsel, David J. Mincer and the law firm of Bailey & Wyant, PLLC, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, and hereby give notice of removal of the case *sub judice*, Civil Action No. 17-C-986, from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia. In support of this Notice of Removal, the Defendants hereby state as follows:

1.    On or about July 7, 2017, an action was filed in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 17-C986 on the docket of that Court. That action asserted various state law claims against the originally named Defendants, West Virginia Division of Corrections, Wexford Health Sources, Inc., Craig Smith and John/Jane Doe, but did not assert any claims seeking recovery based upon federal laws. Defendant West Virginia Division of Corrections filed a Motion

to Dismiss the claims asserted against it on various grounds. Co-Defendants Wexford Health

Sources, Inc. and Craig Smith filed an Answer to that original Complaint, denying Plaintiff's

allegations. *See Complaint* attached hereto as "Exhibit 1."

2.      On March 6, 2019, Plaintiff filed her Motion for Leave to Amend Complaint and to

Substitute Parties in the Place of John Doe, by which Plaintiff asserted that she wished to assert

additional counts and to add additional Defendants.

3.      On March 19, 2019, Judge Tod Kaufman entered an Order denying Defendant West

Virginia Division of Corrections' Motion to Dismiss and granting Plaintiff leave to amend her

Complaint to assert additional claims against the originally named Defendants and to add additional

Defendants Warden Lori Nohe, Administrative Assistant Paula Tomlin and Heidi Beegle.

4.      On May 10, 2019, Plaintiff appears to have filed her Amended Complaint with the

Circuit Clerk of Kanawha County, West Virginia, but Plaintiff did not serve that Amended

Complaint upon Defendant West Virginia Division of Corrections or any other Defendants at that

time. The Amended Complaint was filed without a Certificate of Service and was not served upon

any of the previously named Defendants or their counsel when it was filed. As such, Defendants and

their counsel were unaware of it having been filed or the claims it asserted. Finally, on June 5, 2019,

Plaintiff served her Amended Complaint upon newly added Defendant Warden Lori Nohe via

personal service and provided a copy of the Amended Complaint to counsel for Defendants Warden

Lori Nohe and West Virginia Division of Corrections via email.

5.      The Amended Complaint finally served upon Defendant Warden Lori Nohe and

provided to counsel for her and West Virginia Division of Corrections on June 5, 2019 asserted for

the first time a claim for "Violation of Plaintiff's Rights Under the United States

Constitution/Deliberate Indifference" (Count I) seeking damages pursuant to 42 USC § 1983 for

alleged violations of the Eighth Amendment to the United States Constitution, as well as the previously asserted state law claims for negligence, vicarious liability and premises liability. As such, the first notice to the undersigned counsel and Defendants West Virginia Division of Corrections and Warden Lori Nohe that this action was removable occurred on June 5, 2019. In accordance with 28 U.S.C. §1446(b), this Notice is filed within 30 days of the date on which such notice was provided/received. *See Amended Complaint,* attached hereto as "**Exhibit 2".**

6.        A copy of the Circuit Court's docket sheet is attached as hereto as "**Exhibit 3".** It includes a docket entry for the return of service of the Amended Complaint as to Defendant Lori Nohe and the other newly added individual Defendants on June 5, 2019 and does not include any certificate of service evidencing service of the Amended Complaint upon Defendant West Virginia Division of Corrections or the other Defendants to this action.

7.        One of the categories of cases over which the federal District Courts have original jurisdiction are cases that involve a "federal question," those cases "founded on a claim arising under the constitution, treaties, or laws of the United States." 28 U.S.C. §1331.

8.        Plaintiff Cathy Williams' first cause of action asserted in her Amended Complaint against the Defendants is federal in character because it alleges that the Defendants violated her federal constitutional rights. Her Complaint seeks specifically to vindicate rights secured by the United States Constitution. This Court has held that "[w]hen a plaintiff specifically and intentionally raises a federal question on the face of the complaint, the action is removable regardless of the vagueness of the allegations." *Scott v. Greiner,* 858 F.Supp. 607 (S.D.W.Va., 1994).

9.        This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367:

In any civil action of which the district courts have original jurisdiction, the district courts

3

shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"The state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Here, all of Plaintiffs' claims arise out of an alleged fall suffered by Plaintiff while an inmate at Lakin Correctional Center, which is the common nucleus of operative fact from which Plaintiff's claims derive.

10. Being filed within 30 days of June 6, 2019, this *Notice of Removal* is timely. A filing fee of $400 made payable to the Clerk of the United States District Court has been electronically made contemporaneously with the filing of this *Notice of Removal*.

11. A true and complete copy of the *Notice of Filing of Notice of Removal* contemporaneously filed in the Circuit Court of Kanawha County, West Virginia is attached hereto as "Exhibit 4."

12. By counsel, Co-Defendants Wexford Health Sources, Inc., Craig Smith, Administrative Assistant Paula Tomlin, and Heidi Beegle consent to the removal of this civil action and affirm the same by agreeing to and signing this Notice.

13. The filing of this Notice, along with the filing of a copy of the Notice in the Circuit Court of Kanawha County, West Virginia, and service of this Notice upon opposing and Co-Defendants' counsel, serves immediately to confer exclusive jurisdiction over this case upon the United States District Court, and divests the Circuit Court of Kanawha County, West Virginia of jurisdiction over these proceedings. *See e.g., Maseda v. Honda Motors Co.,* 861 F.2d 1248, 1254-55 (11th Cir. 1988) (stating that "after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in this case.") "Any subsequent proceedings in state court are void *ab initio*. *Id.*

   **WHEREFORE**, on the foregoing basis, Defendants West Virginia Division of Corrections and Warden Heidi Nohe request that the civil action pending against them in the Circuit Court of Kanawha County, West Virginia, bearing Civil Action No. 17-C-986 be removed from that court to the United States District Court for the Southern District of West Virginia, Charleston Division.

   Respectfully submitted July 3, 2019.


                   **WEST VIRGINIA DIVISION OF CORRECTIONS AND WARDEN LORI NOHE,**
                   **By Counsel,**

 **/s/ David J. Mincer**
**David J. Mincer (WV Bar #7486)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
dmincer@baileywyant.com


                   **WEXFORD HEALTH SOURCES, INC., CRAIG SMITH, ADMINISTRATIVE ASSISTANT PAULA TOMLIN, AND HEIDI BEEGLE,**
                   By Counsel,

 **/s/ Jeffrey W. Lilly**
**Jeffrey W. Lilly, Esquire (WV Bar #8046)**
**ROSE PADDEN PETTY TAYLOR & LILLY, L.C.**
**Attorneys at Law**
**301 Adams Street, Suite 612**
**P.O. Box 1307**
**Fairmont, WV 26555-1307**
**(304)363-4260**

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**CATHY WILLIAMS,**

    **PLAINTIFF,**

**v.**                                          Civil Action No. __2:19-496_____
                                        **(Formerly Civil Action No. 17-C-986 in the
Circuit Court of Kanawha County, WV)**

**WEST VIRGINIA DIVISION OF
CORRECTIONS, WEXFORD HEALTH
SOURCES, INC., CRAIG SMITH,
WARDEN LORI NOHE,
ADMINISTRATIVE ASSISTANT PAULA
TOMLIN, HEIDI BEEGLE, AND
JOHN/JANE DOE,**

    **DEFENDANTS.**

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "Notice of Removal" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Wednesday, July 3, 2019:

Jeffery Warren Lilly

Rose Padden Petty Taylor & Lilly, L.C.

PO Box 1307

Fairmont, WV  26555-1307

Email Address: jlilly@rpptl.com

Attorney For: Wexford Health Sources, Inc.


Paul Stroebel

Stroebel & Johnson PLLC

PO Box 2582

Charleston, WV  25329

Email Address: paulstroeb@aol.com

Attorney For: Cathy Williams

                             __/s/ David J. Mincer_____
                             **David J. Mincer (WV Bar #7486)
BAILEY & WYANT, PLLC**