<u>SUMMONS</u>

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CATHY WILLIAMS,

       Plaintiff,

v.

**WEST VIRGINIA DIVISION OF
CORRECTIONS, WEXFORD
HEALTH SOURCES, INC.,
CRAIG SMITH AND
JOHN/JANE DOE,**

       Defendant.

Civil Action Number: 17-C- *986*

*Kaufman*

RECEIVED

AUG 28 2017

WVDOC
LEGAL DIVISION

To:    West Virginia Division of Corrections
       1409 Greenbrier Street
       Charleston, WV  25311

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon Paul Stroebel, plaintiff's attorney whose address is <u>Stroebel & Johnson, P.L.L.C., Post Office Box 2582, Charleston, West Virginia 25329</u>, an answer including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated _____ *7/7/17* _____

                          **Cathy S. Gatson, Clerk**

                          _____
                                Clerk of the Court

**EXHIBIT**

*1*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CATHY WILLIAMS,

       Plaintiff,

v.                                         Civil Action Number: 17-C-986

WEST VIRGINIA DIVISION OF
CORRECTIONS,  WEXFORD
HEALTH SOURCES, INC.,
CRAIG SMITH and JOHN/JANE DOE,

       Defendants.

## COMPLAINT

      Comes now the Plaintiff, Cathy Williams, by and through counsel, Stroebel & Johnson,

P.L.L.C., and for her complaint against the above-named Defendants, states as follows:

      1.     Plaintiff, Cathy Williams (hereinafter, "Plaintiff"), is a citizen and resident of

West Virginia that was incarcerated at the Lakin Correctional Facility.  Plaintiff was seriously

injured when the Hoyer lift harness strap broke, causing her to fall to the floor and fracture her

femur.

      2.     Defendant, West Virginia Division of Corrections (hereinafter "WVDOC"), is a

correctional institution funded, in whole or part, by the State of West Virginia.  The WVDOC's

principle or central office is located in Charleston, Kanawha County, West Virginia.

      3.     Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford") is a health

service business that contracted with the DOC to provide such services.  Defendant Wexford and

the WVDOC were responsible for maintaining the premises where plaintiff was housed as well

as the equipment used to lift and move plaintiff.

      4.     Defendant Craig Smith was a certified nurse assistant employed by Wexford. Mr.

Smith was responsible for safely moving plaintiff through the aid of the Hoyer lift.

5.      John/Jane Doe were individuals employed by the WVDOC and/or Wexford that were responsible for maintaining the premises and/or equipment that resulted in plaintiff's fall.

6.      The negligent, reckless, willful and intentional acts and omissions of the defendants directly resulted in plaintiff being injured.  Plaintiff affirmatively states that she has exhausted all administrative remedies.  Plaintiff further asserts that she is seeking damages from the West Virginia Division of Corrections up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein.  Plaintiff further asserts that he is not making claims or allegations that defendants violated federal law.

7.      Plaintiff is not asserting a medical negligence claim against defendant Wexford, in that the services provided were not medical in nature.  To the extent they are construed as such, the failure to properly maintain the lift device is not a claim that requires the testimony of a medical expert.

8.      All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTS**

9.      Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 8 as if set forth herein.

10.     At all times relevant herein, Plaintiff was an inmate at the Lakin Correctional Center.

11.     As an inmate of the WVDOC, Plaintiff was housed in the medical unit where she was lifted and moved with a device known as a Hoyer lift harness.

12.     During Plaintiff's incarceration, the WVDOC and Wexford, by and through its officers, agents and employees, failed to properly maintain the lift and/or left strap so that the strap broke, thereby causing plaintiff to fall to the floor and break her femur.

13.     Defendants, in violation of prison policy directive standards and legislative rule, failed to keep plaintiff from suffering harm and/or injury.

14.     Prior to the fall that is the subject of this action, WVDOC and Wexford personnel were on notice that that the harness was not properly maintained.  The Harness in question had been repaired on numerous occasions and was not fit or safe for the purpose of moving plaintiff. Despite said knowledge, the WVDOC and Wexford through their employees took no action to properly maintain the harness or to replace the harness with new components.

15.     Defendants' actions have caused Plaintiff physical pain and suffering, emotional and mental distress and loss of enjoyment of life.

## COUNT I
### VIOLATION OF PLAINTIFF'S RIGHT UNDER THE CONSTITUTION OF THE STATE OF WEST VIRGINIA AND VIOLATION OF PUBLIC POLICY, WEST VIRIGINIA CODE AND DOC POLICY DIRECTIVES

16.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 17 as if set fully for herein.

17.     The West Virginia Division of Corrections and Wexford by and through employee Craig Smith and others, violated plaintiff's right under the West Virginia State Constitution as well as public policy that protects inmates from being subjected to physical harm. The failure to protect plaintiff from harm was a violation of Article III § 5 of the West Virginia Constitution as well as Legislative Rule 95-1-14.9.

18.     Defendants' conduct has resulted in plaintiff suffering serious physical injury, pain and suffering and severe emotional damages as previously set forth herein.

## COUNT II
### RECKLESS/GROSS NEGLIGENCE/SUPERVISION TRAINING/HIRING

19.     Plaintiff incorporates by reference and realleges each and every allegation

contained in Paragraphs 1 through 18 as if set forth herein.

20.     Defendants West Virginia Division of Corrections and Wexford, failed to properly train and supervise Craig Smith on the proper use and maintenance of the Hoyer lift. Specifically, the lift required the assistance of two medical or correctional personnel to safely operate the lift.  Only Smith was present at the time the fall occurred.

21.     Defendants West Virginia Division of Corrections and Wexford had a duty to provide the proper training and personnel so that plaintiff could be safely cared for.  Defendants negligently and/or recklessly failed to fulfill their duty when they operated or allowed to operate a device that was unsafe.

22.     As a direct and proximate result of this negligent, grossly negligent and/or reckless conduct, plaintiff physically injured.  This conduct was a proximate cause of plaintiff's physical injuries, pain and suffering and severe emotional distress.

**COUNT III**
**NEGLIGENT/RECKLESS CONDUCT**

23.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 22 as if set forth herein.

24.     Defendants West Virginia Division of Corrections and Wexford were reckless when, through its agents and employees, used a faulty and unsafe lift to move the plaintiff.  This negligent, reckless and/or intentional tortious conduct resulted in plaintiff suffering severe physical injuries.

25.     Defendants had a duty to protect plaintiff from harm. Despite said duty, Defendants negligently, recklessly and/or intentionally failed to fulfill their duty when they used a device known to be in disrepair.

26.     As a direct and proximate result of this reckless conduct, plaintiff suffered serious

physical injury, pain and suffering continues to suffer severe emotional distress to the present date.

## COUNT IV
## VICARIOUS LIABILITY

27.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 26 as if set forth herein.

28.     Defendant WVDOC and Wexford are vicariously liable for the conduct of its employees under the doctrine of respondent superior, as the individuals were acting within the scope of their employment and at the time the inappropriate acts described herein occurred. Moreover, Defendants WVDOC and Wexford were responsible for ensuring compliance with policy directives to ensue the safety and well-being of inmates.

29.     As such, plaintiff is entitled to recover damages from the WVDOC and Wexford for said conduct and is also entitled to injunctive relief.

## COUNT V
## PREMISES LIABILITY

30.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 29 as if set forth herein.

31.     All defendants had a duty and responsibility to maintain the premises and equipment used on those premises in a safe condition.  Defendants failed to do so when they allowed plaintiff to be lifted with a device that was in disrepair.

32.     The faulty liftpad/strap broke, thereby causing plaintiff to fall to the ground, thereby suffering a fracture of her femur.  To date, the fracture has not been healed.

33.     Defendant's breach of duty by failing to properly maintain the lift pad/strap resulted in plaintiff suffering serious injury, pain and suffering and severe emotional distress.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff does not seek punitive damages against the WVDOC.

PLAINTIFF DEMANDS A TRIAL BY JURY.

CATHY WILLIAMS,
By Counsel,

Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Johnson, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329