IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CATHY WILLIAMS,

   Plaintiff,

v.            **Civil Action Number: 17-C-986**

WEST VIRGINIA DIVISION OF
CORRECTIONS, WEXFORD
HEALTH SOURCES, INC.,
CRAIG SMITH, WARDEN LORI NOHE,
ADMINISTRATIVE ASSISTANT PAULA TOMLIN,
HEIDI BEEGLE, and JOHN/JANE DOE,

   Defendants.

## AMENDED COMPLAINT

Comes now the Plaintiff, Cathy Williams, by and through counsel, Stroebel & Johnson, P.L.L.C., and for her amended complaint against the above-named Defendants, states as follows:

1. Plaintiff, Cathy Williams (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Lakin Correctional Facility. Plaintiff was seriously injured when the Hoyer lift sling broke, causing her to fall to the floor and fracture her femur/hip.

2. Defendant, West Virginia Division of Corrections (hereinafter "WVDOC"), is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDOC's principle or central office is located in Charleston, Kanawha County, West Virginia.

3. Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford") is a health service business that contracted with the WVDOC to provide such services. Defendant Wexford and the WVDOC were responsible for maintaining the premises where plaintiff was housed as well as the equipment used to lift and move plaintiff.

4. Defendants Heidi Beegle and Paula Tomlin were a registered nurse and



Administrative Assistant employed by Wexford Health Sources who had full knowledge that the sling was faulty and in disrepair prior to it failing and injuring plaintiff. Beegle, upon information and belief, continued to authorize the use of the sling despite knowing that the sling needed to be replaced. Defendant further had knowledge of the potential danger that this posed to plaintiff. Defendant Tomlin was responsible for providing the ordering information to the Warden for the sling replacement. While Tomlin did provide replacement information approximately (40) days prior to the sling's failure, she delayed providing the information for approximately 5 months, according to Wexford emails.

5.      Defendant Lori Nohe was the Warden at the Lakin Correctional Center. Ms. Nohe was made aware of the unsafe condition and need to replace the sling but failed to take timely action, thereby proximately causing plaintiff to be injured when the sling broke. Documents produced by Defendant Wexford details her knowledge and failure to act. Documents further indicate that Warden Nohe was aware of the unsafe condition for at least 6 months prior to plaintiff being injured. See Exhibits A and B.

6.      Defendant Craig Smith was a certified nurse assistant employed by Wexford. Mr. Smith was responsible for safely moving plaintiff through the aid of the Hoyer lift. Upon information and belief, Defendant Smith was also aware of the unsafe condition of the sling. Documents produced by Wexford indicate that the unsafe condition of the sling was readily visible. Defendants are being sued in their individual capacities.

7.      John/Jane Doe were other individuals employed by the WVDOC and/or Wexford that were responsible for maintaining the premises and/or equipment that resulted in plaintiff's fall.

8.      The reckless, willful, intentional and/or negligent acts and omissions of the defendants directly and proximately resulted in plaintiff being injured. The breaking of the sling

was foreseeable as was the injury to plaintiff. Plaintiff affirmatively states that she has exhausted all administrative remedies. Plaintiff further asserts that she is seeking damages from the West Virginia Division of Corrections up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein.

9.     Plaintiff is not asserting a medical negligence claim against defendants Wexford, Smith, Beegle or Tomlin in that the services provided were not medical in nature. However, to the extent they are construed as such, the failure to properly maintain the lift device is not a claim that requires the testimony of a medical expert.

10.     All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

11.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 10 as if set forth herein.

12.     At all times relevant herein, Plaintiff was an inmate at the Lakin Correctional Center.

13.     As an inmate of the WVDOC, Plaintiff was housed in the medical unit where she was lifted and moved with a device known as a Hoyer lift. The lift incorporated a sling or harness that was in a state of disrepair at the time it failed and resulted in plaintiff's injury.

14.     During Plaintiff's incarceration, the WVDOC and Wexford, by and through its officers, agents and employees, some of which are named herein, failed to properly maintain the lift and/or sling so that the sling broke, thereby causing plaintiff to fall to the floor and break her femur/hip.

15.     Defendants, in violation of prison policy and procedure standards and legislative rules, failed to keep plaintiff from suffering harm and/or injury. Defendants also violated plaintiff's United States Constitutional rights under the Eighth Amendment by knowingly

subjecting her to an unsafe condition.

16.     Prior to the fall that is the subject of this action, WVDOC and Wexford personnel and other defendants were on notice that that the harness/sling was not properly maintained and needed replacement.  The harness/sling in question had been repaired on multiple occasions and was not fit or safe for the purpose of moving plaintiff.  Despite said knowledge, the WVDOC and Wexford through their employees took no action to properly maintain the lift or to replace the sling with new components.  Specifically, defendants WVDOC and Wexford through employees Lori Nohe and Paula Tomlin, failed to obtain a replacement sling despite being aware of the unsafe condition for approximately six months.  Upon information and belief, these defendants were repeatedly asked to procure a new sling.  All defendants had an absolute duty to replace the sling and to provide a safe mechanism for moving plaintiff.  This duty was not discretionary.

17.     Defendants' actions have caused Plaintiff to incur a broken hip/femur, physical pain and suffering, emotional and mental distress and loss of enjoyment of life.  Plaintiff will also require further surgery to address the nonunion she has in her hip/femur.

**COUNT I**
**VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE UNITED STATES**
**CONSTITUTION/DELIBERATE INDIFFERENCE**

18.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 17 as if set fully for herein.

19.     The West Virginia Division of Corrections through employee Lori Nohe and Wexford by and through employees Craig Smith, Paula Tomlin and Heidi Beegle, violated plaintiff's rights under the United States Constitution.  The failure to protect plaintiff from harm was also a violation of Article III § 5 of the West Virginia Constitution, jail policy and procedure

Legislative Rules 95-1-1 *et seq*. and the Eighth Amendment to the United States Constitution.

20.     Defendants, while acting under the color of state law, violated Plaintiff's constitutional rights through deliberate indifference to her safety and personal needs, thereby resulting in plaintiff being dropped to the floor when the sling to the Hoyer lift broke. Defendants knew the sling was faulty and needed to be replaced. Defendants further knew that the condition of the sling presented a danger to plaintiff. Plaintiff is not asserting a claim pursuant to 42 USC § 1983 against the WVDOC but against the individual defendants and Wexford. Defendant Wexford has demonstrated a pattern and practice of not expending the necessary funds to meet the needs of inmates.

21.     The actions of defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment to the United States Constitution. Plaintiff's cause of action for deliberate indifference arise from 42 USC § 1983.

22.     The actions of Defendants were not taken in good faith and were in violation of clearly established federal law, legislative rules, WVDOC directives, Lakin Correctional Center procedure, correctional practices, as well as the policies and procedures of defendants Wexford and the WVDOC. Defendant Wexford has a pattern and practice of failing to provide timely intervention to inmates in violation of their constitutional rights.

23.     The individual defendants and Wexford violated Plaintiff's constitutional rights as a prisoner in WVDOC custody under the Eighth Amendment to the United States Constitution as described and identified herein, by failing to protect Plaintiff and by failing to take adequate measures to provide for her safety, thus being deliberately indifferent to Plaintiff's right to be in a safe environment and not exposed to a device that was unsafe and dangerous.

24.     Defendants' conduct has resulted in plaintiff suffering serious physical injury,

pain and suffering and severe emotional damages as previously set forth herein.   Plaintiff is

entitled to compensatory damages and attorney fees pursuant to 42 USC §1988.

## COUNT II
### RECKLESS/GROSS NEGLIGENCE/SUPERVISION
### TRAINING/HIRING

25.     Plaintiff incorporates by reference and realleges each and every allegation

contained in Paragraphs 1 through 24 as if set forth herein.

26.     Defendants West Virginia Division of Corrections and Wexford jointly failed to

properly train and supervise Craig Smith on the proper use and maintenance of the Hoyer lift.

Specifically, the lift required the assistance of two medical or correctional personnel to safely

operate the lift.  Only Smith was present at the time the fall occurred.

27.     Defendants West Virginia Division of Corrections and Wexford had a duty to

provide the proper training and personnel so that plaintiff could be properly and safely cared for.

Defendants intentionally, negligently and/or recklessly failed to fulfill their duty when they

operated or allowed to operate a device that was physically unsafe and in disrepair.  Defendants

also breached their duty when plaintiff was moved without the requisite number of individuals to

assist.  The duty to properly train personnel such as Smith, arises from the West Virginia

Constitution, Legislative Rules, Jail policy and procedure as well as the United States

Constitution.

28.     As a direct and proximate result of this intentional, negligent, grossly negligent

and/or reckless conduct, plaintiff was physically injured.  This conduct was a proximate cause of

plaintiff's physical injuries, pain and suffering and severe emotional distress.

## COUNT III
### INTENTIONAL/RECKLESS/NEGLIGENT CONDUCT

29.     Plaintiff incorporates by reference and realleges each and every allegation

contained in Paragraphs 1 through 28 as if set forth herein.

30.    Defendants West Virginia Division of Corrections, Wexford, Warden Lori Nohe, Administrative Assistant Paula Tomlin, Craig Smith and Heidi Beegle acted intentionally, recklessly, negligently or in a wanton and willful manner when they used, caused to be used or allowed employees to use a faulty and unsafe lift to move the plaintiff. This reckless and/or intentional tortious conduct resulted in plaintiff suffering severe physical injuries. Defendants were at all times prior to his incident aware of the need to replace the faulty sling.

31.    Defendants had a duty to protect plaintiff from harm and provider her with a safe environment. Despite said duty, Defendants recklessly and/or intentionally failed to fulfill their duty when they used or caused to be used, a device known to be in disrepair and failed to replace the sling when they knew it to be unsafe.

32.    As a direct and proximate result of this reckless conduct, plaintiff suffered serious physical injury, pain and suffering continues to suffer severe emotional distress to the present date. Plaintiff will incur future medical expenses.

**COUNT IV**
**NEGLIGENCE**

33.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 32 as if set forth herein.

34.    To the extent this is construed to be a medical matter, defendants Wexford, Smith, Tomlin and Beegle were reckless and/or negligent when they failed to carry out their duties and responsibilities regarding their medical responsibilities to plaintiff.

35.    Specifically, defendants used or caused to be used a Hoyer lift with a sling that was in disrepair. This sling broke while in use thereby causing plaintiff to fall to the ground which resulted in a broken hip/femur.

36.     Plaintiff provided a notice of claim pursuant to W.Va. Code §55-7B-6(c) detailing the alleged conduct and plaintiff's position that no screening certificate of merit was necessary because the legal theory of liability does not require a medical expert, (i.e. use of known faulty device does not require expert testimony). Plaintiff received no response from any of the defendants regarding the notice of claim.

37.     Plaintiff asserts and alleges that all defendants named in this count breached the applicable standard of care when they participated in, facilitated or did not prevent the use of the faulty and dangerous Hoyer lift.

38.     Plaintiff has been damaged emotionally and physically as a result of this negligent conduct and seeks damages, compensatory and punitive against the defendants named herein.

## COUNT V
## VICARIOUS LIABILITY

39.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 38 as if set forth herein.

40.     Defendant WVDOC and Wexford are vicariously liable for the conduct of its employees under the doctrine of respondent superior, as the individuals were acting within the scope of their employment and at the time the inappropriate acts described herein occurred. Moreover, Defendants WVDOC and Wexford were responsible for ensuring compliance with policy directives to ensure the safety and well-being of inmates.

41.     As such, plaintiff is entitled to recover damages from the WVDOC and Wexford for said conduct.

## COUNT VI
## PREMISES LIABILITY

42.     Plaintiff incorporates by reference and realleges each and every allegation

contained in Paragraphs 1 through 41 as if set forth herein.

43.     All defendants had a duty and responsibility to maintain the premises and equipment used on those premises in a safe condition.  Defendants failed to do so when they allowed plaintiff to be lifted with a device that was in disrepair.  Defendant WVDOC owned and provided the Hoyer lift.  Defendant Wexford states in its emails, that the WVDOC was responsible for paying for and/or procuring a new sling.  Defendant WVDOC failed to do so.

44.     The faulty sling broke, causing plaintiff to fall to the ground and thereby suffering a fracture of her femur/hip.  To date, the fracture has not healed.  Plaintiff will require future surgery to correct the non-union in her femur/hip.

45.     Defendants' breach of duty by failing to properly maintain the lift pad/strap resulted in plaintiff suffering serious injury, pain and suffering and severe emotional distress.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff does not seek punitive damages against the WVDOC.

PLAINTIFF DEMANDS A TRIAL BY JURY.


CATHY WILLIAMS,
By Counsel

Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Johnson, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329

Kelly McVicker

RESPONSE TO
REQUEST 4 a.

From:        Heidi Beegle <hbeegle@wexfordhealth.com>
Sent:        Monday, March 14, 2016 11:15 AM
To:          Risk Management
Cc:          Mary Stone
Subject:     FW: Hoyer Sling
Attachments: Hoyer sling 2-2-16.pdf

Importance:  High

Inmate Williams was being lifted from the w/c to the bed, by Craig Smith CNA, when the strap broke on the Hoyer sling. Inmate Williams fell to the floor breaking her hip. Rebecca Wheeler RN was right outside the door preparing to come in and help move the inmate. The inmate in December weighed 318lbs. The lift sling goes up to 850lbs, attached is the information on the sling. We had told DOC a couple months ago that we could use another sling and sent this information to them. The sling had been repaired by industries here at Lakin, although I do not know if it was in the same area, as DOC has the sling. If you need any additional information please feel free to contact me. Have a nice day.

Heidi Beegle RN, BSN, HSA
Wexfordhealth Sources
11264 Ohio River Road
West Columbia, WV 25287
Office: 304-674-2440 Ext. 2028
Fax: 304-674-0186
R.A.I.S.E. The Standard

CONFIDENTIALITY NOTICE- The contents of this entire email message, including attachments, are intended solely for the addresses, individuals, or entities named above or named in this message. This email communication is intended to be and to remain confidential and may be subject applicable legal privileges, including but not limited to the attorney/client, work product and/or physician/patient privileges, and it may otherwise be exempt from disclosure under applicable law. If you are not the intended recipient of this email message, or if it has been addressed to you in error, do not read, distribute, copy, disclose or take any action on the contents of this message, as is strictly prohibited. Reply to the sender that you have received the email in error, then delete it and all attachments.

From: Paula Tomlin
Sent: Monday, March 14, 2016 10:16 AM
To: Heidi Beegle
Subject: FW: Hoyer Sling

Heidi,
Please see below, I sent it to the Warden.

Paula Tomlin
Administrative Assistant
Lakin Correctional Center
Wexford Health Sources
11264 Ohio River Road
West Columbia, WV 25287

Phone:304-674-2440 ext. 2029
Fax: 304-674-0186

ptomlin@wexfordhealth.com

"R.A.I.S.E. the Standard"

**EXHIBIT**
**A**

Confidentiality Notice --The contents of this entire e-mail message, including attachments, are intended soley for the addresees, individuals, or entities named above or named in this message. This e-mail communication is intended to

1

Kelly McVicker

RESPONSE TO
REQUEST 4 d.

From:        Heidi Beegle <hbeegle@wexfordhealth.com>
Sent:        Monday, March 14, 2016 12:47 PM
To:          Jennifer Richter
Cc:          Mary Stone
Subject:     RE: Hoyer Sling

I looked in the MAC minutes, it was brought to DOC's attention that we needed a new sling in September, however Paula did not send them the information on the sling until February 2, 1016. I did find out that the strap that was reinforced was the strap that broke. Nathan, the AWO, stated that Valerie Roberts from Industries, stated that Nathan had said it was ok to fix the strap. Just wanted to pass this on.

Heidi Beegle RN, BSN, HSA
Wexfordhealth Sources
11264 Ohio River Road
West Columbia, WV 25287
Office: 304-674-2440 Ext. 2028
Fax: 304-674-0186
R.A.I.S.E. The Standard

CONFIDENTIALITY NOTICE- The contents of this entire email message, including attachments, are intended solely for the addressee, individuals, or entities named above or named in this message. This email communication is intended to be and to remain confidential and may be subject applicable legal privileges, including but not limited to the attorney/client, work product and/or physician/patient privileges, and it may otherwise be exempt from disclosure under applicable law. If you are not the intended recipient of this email message, or if it has been addressed to you in error, do not read, distribute, copy, disclose or take any action on the contents of this message, as is strictly prohibited. Reply to the sender that you have received the email in error, then delete it and all attachments.

From: Heidi Beegle
Sent: Monday, March 14, 2016 11:37 AM
To: Jennifer Richter
Subject: RE: Hoyer Sling

Cathy Williams 3521722

Heidi Beegle RN, BSN, HSA
Wexfordhealth Sources
11264 Ohio River Road
West Columbia, WV 25287
Office: 304-674-2440 Ext. 2028
Fax: 304-674-0186
R.A.I.S.E. The Standard

CONFIDENTIALITY NOTICE- The contents of this entire email message, including attachments, are intended solely for the addressee, individuals, or entities named above or named in this message. This email communication is intended to be and to remain confidential and may be subject applicable legal privileges, including but not limited to the attorney/client, work product and/or physician/patient privileges, and it may otherwise be exempt from disclosure under applicable law. If you are not the intended recipient of this email message, or if it has been addressed to you in error, do not read, distribute, copy, disclose or take any action on the contents of this message, as is strictly prohibited. Reply to the sender that you have received the email in error, then delete it and all attachments.

From: Jennifer Richter
Sent: Monday, March 14, 2016 11:32 AM
To: Heidi Beegle
Subject: RE: Hoyer Sling

Heidi, please give me Ms. Williams' full name and DOC number.  Thank you!

1


EXHIBIT
B

From: Paula Tomlin
Sent: Tuesday, February 02, 2016 4:18 PM
To: Lori Nohe , Warden
Subject: Hoyer Sling

Lori,
Good Afternoon,
I have struggled to find the right one to work with our machine. I thought I found it on Amazon, but it doesn't work with our lift. I went back and looked at the one we have and that is the only one that will fit our hoyer lift.
I have attached 2 estimates, and have called the manufacturer and you can order from them, she just couldn't tell me the price.
http://www.joerns.com/product/2480/Hoyer%c2%ae-Pro-Slings.aspx
The 2 I found were from $300 to $360.

The Item # is NA1072
Thanks,
Paula

Paula Tomlin
Administrative Assistant
Lakin Correctional Center
Wexford Health Sources
11264 Ohio River Road
West Columbia, WV 25287

Phone:304-674-2440 ext. 2029
Fax: 304-674-0186

ptomlin@wexfordhealth.com

"R.A.I.S.E. the Standard"

Confidentiality Notice --The contents of this entire e-mail message, including attachments, are intended soley for the addressees, individuals, or entities named above or named in this message.  This e-mail communication is intended to be and to remain confidential and may be subject to applicable legal privileges, including but not limited to the attorney/client, work product and/or physician/patient privileges, and it may otherwise be exempt from disclosure under applicable law. If you are not the intended recipient of this e-mail message, or if it has been addressed to you in error, do not read, distribute, copy, disclose or take action on the contents of this message, as is strictly prohibited. Reply to the sender that you have received the e-mail in error then then delete it and all attachments.

3