# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CATHY WILLIAMS,

        Plaintiff,

v.                                               CIVIL ACTION NO. 2:19-cv-00496

WEST VIRGINIA DIVISION
OF CORRECTIONS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss filed by Defendants Wexford Health Sources, Inc. ("Wexford"), Craig Smith, Paula Tomlin, and Heidi Beegle (collectively, "Wexford Defendants"). (ECF No. 7.) For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion. (ECF No. 7.)

### I.     BACKGROUND

This action arises out of an alleged injury Plaintiff Cathy Williams ("Plaintiff") sustained while in the custody of the West Virginia Division of Corrections ("WVDOC") at the Lakin Correctional Center ("Lakin"). (ECF No. 1-2 at 1 ¶ 1.) Wexford is a third-party contractor that provides health services for the WVDOC. (*Id.* ¶ 3.) At some time during her incarceration, Plaintiff was being moved from a wheelchair to a bed with a Hoyer sling when the sling broke and caused Plaintiff to fall to the floor and fracture her femur and hip. (*Id.* at 1 ¶ 1, 3 ¶ 13.)

On July 7, 2017, Plaintiff filed this action in the Circuit Court of Kanawha County, West Virginia, asserting various state law claims against the WVDOC, Wexford, Mr. Smith, and John Doe defendants. (ECF No. 1-1.) On May 10, 2019, Plaintiff filed an amended complaint asserting additional claims against the original defendants and adding three defendants, Lori Nohe, Paula Tomblin, and Heidi Beegle. (ECF No. 1-2.) The Amended Complaint asserts six causes of action for deliberate indifference in violation of the Eighth Amendment under 42 U.S.C. § 1983, Article III § 5 of the West Virginia Constitution, and Legislative Rules 95-1-1, *et seq*. (Count I); reckless or negligent supervision, training, and hiring (Count II); negligent, reckless, and intentional conduct (Count III); ordinary negligence (Count IV); vicarious liability (Count V); and premises liability (Count VI). The Amended Complaint also asserts a claim for punitive damages.

On July 3, 2019, this case was properly removed to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1.) On July 15, 2019, Wexford and the Wexford Defendants filed the present motion to dismiss.[1] (ECF No. 7.) Plaintiff timely responded to the motion on August 16, 2019, (ECF No. 16), and Defendants filed a timely reply on August 24, 2019,[2] (ECF No. 17). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement

---

[1] This Court previously entered an order on November 22, 2019, dismissing the WVDOC, Ms. Nohe, and any John Doe defendants from this action. (*See* ECF No. 25.)
[2] The Court previously granted a joint motion by the parties to extend the briefing deadlines associated with the pending motion. (*See* ECF No. 15.) In accordance with that order, the response and reply are timely and in compliance with Local Rule of Civil Procedure 7.1(a)(7).

exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ms. King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, the court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [the court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than

the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

III. DISCUSSION

A. *Statute of Limitations*

Defendants first argue that Plaintiff's claims against Defendants Tomlin and Beegle are barred by the applicable statute of limitations. In deciding a motion to dismiss based on the statute of limitations, the Court should only grant the motion if it clearly appears on the face of the complaint that the plaintiff's claims are time-barred. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). The law favors statutes of limitation and construes them liberally. *See Johnson v. Nedeff*, 452 S.E.2d 63, 66 (W. Va. 1994) (quotations omitted); *see also Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (stating, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."). It is well-established that "[t]he applicable statute of limitations for an action filed pursuant to 42 U.S.C. § 1983 is based upon the State's limitations period applicable to a personal injury action." *Green v. Rubenstein*, 644 F. Supp. 2d 723, 746 (S.D. W. Va. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 249 (1989)). In West Virginia, a two-year statute of limitations applies to personal injury cases. *See id.* (citing W. Va. Code § 55-2-12).

Here, the Amended Complaint does not specifically allege the date of the subject incident. However, emails dated March 14, 2016, and attached to the Amended Complaint, reference the subject incident, suggesting that Plaintiff's alleged injury occurred on or before this date.[3] (ECF

---
[3] In ruling on the present motion to dismiss, this Court may consider the emails attached to the complaint since they "are integral to the complaint" and the parties do not dispute their authenticity. *Kensington Volunteer Fire Dep't,*

No. 1-2 at 10–11.) Plaintiff's claims against Tomlin and Beegle were not asserted until she filed her Amended Complaint on May 10, 2019, more than one year after the two-year statute of limitations elapsed with respect to her personal injury and § 1983 claims. (*See* ECF No. 1-1.) Thus, Plaintiff's claims with respect to Tomlin and Beegle are time barred unless they relate back to her original pleadings.

Plaintiff argues that her claims against Tomlin and Beegle are not barred by the statute of limitations by virtue of the relation back doctrine under Rule 15(c)(3) of the Federal Rules of Civil Procedure. In particular, she contends that she learned Tomlin and Beegle had knowledge of the faulty sling through discovery and, thus, sought leave to amend her complaint to substitute them for the named John Doe defendants. (ECF No. 16 at 5–6.) Under Rule 15(c)(3), an amended complaint that adds a defendant to an action can relate back to an earlier timely filed complaint if the following requirements are satisfied:

> (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant 'but for a mistake concerning the identity of the proper party.

*Goodman*, 494 F.3d at 467; Fed. R. Civ. P. 15(c)(1)(B) (confining relation back to claims arising out of the same "conduct, transaction, or occurrence set forth . . . in the original pleading.").

It is self-evident that Plaintiff's § 1983 claim is not stated in the original complaint. Plaintiff does not dispute this but, rather, argues that this added claim arises out of the same facts set forth in the original complaint. (ECF No. 16 at 6.) The Court agrees and finds that factual support for Plaintiff's § 1983 claim was alleged in her original complaint. While not artfully pled,

---

*Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal citation omitted).

the core facts asserted in the original complaint include allegations that Wexford employees continued to use or authorize the use of a sling that was known to be defective and unsafe and took no action to replace it. (ECF No. 1-1 at 4 ¶ 14, 5 ¶ 24.) Because the original complaint makes statements sounding in deliberate indifference, (*see infra* III.C. (discussing requisite elements of a deliberate indifference claim under § 1983)), Plaintiff's § 1983 claim relates back to the initial pleading so long as Tomlin and Beegle were put on notice and knew or should have known that Plaintiff's action would have been brought against them but for a mistake concerning their proper identity. *See Robinson v. Clipse*, 602 F.3d 605, 609 (4th Cir. 2010) (explaining that the amending party must satisfy the requirements set forth in both Rule 15(c)(1)(C)(i) and (ii)).

In order to establish notice under Rule 15(c)(1)(C)(i), the added party must receive within the limitations period "not only notice of the institution of an action but also notice of the possibility that the putative new defendant may be a defendant in that action." *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989). As for the knowledge requirement under Rule 15(c)(1)(C)(ii), an amendment may "relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party.'" *Id.* at 1201.

Defendants have not offered evidence nor argued that they will suffer prejudice from the addition of the new defendants. They only argue that they were not provided fair notice "because the claims in the original complaint clearly arose out of the alleged negligent operation of the Hoyer lift and the alleged negligent provision of medical care to the Plaintiff." (ECF No. 17 at 5.) Defendants' assertion of ignorance is unpersuasive as the original complaint unequivocally

advances claims against both Wexford and Wexford employees premised not only on their use of the Hoyer lift but also for continuing to do so while knowing that it presented a danger to Plaintiff. (ECF No. 1-2 at 2 ¶ 7.) Wexford certainly would be able to identify and inform Tomlin and Beegle, who are both still employed with Wexford, of Plaintiff's claims. Beegle is a registered nurse, allegedly responsible for overseeing the use of the Hoyer lift, and Tomlin is an administrative assistant, allegedly responsible for providing Wexford with information about equipment replacement orders. In fact, emails attached to the Amended Complaint demonstrate that Beegle reported this specific incident to risk management and Tomlin provided the WVDOC with information about a replacement sling. (ECF No. 1-2 at 10–12.) These defendants are also being represented by the same counsel that has represented Wexford and Defendant Craig Smith throughout this litigation. Under these circumstances, the Court is persuaded that these defendants had adequate notice within the limitations period and will not be prejudiced by the passage of time between the original pleading and the Amended Complaint.

The Fourth Circuit has held that "when a person is provided notice within the applicable limitations period that he would have been named in the timely filed action but for a mistake, the good fortune of a mistake should not save him." *Goodman*, 494 F.3d at 472; *Evans v. Martin*, No. 2:12-CV-03838, 2014 WL 2591281, at *3 (S.D. W. Va. June 10, 2014) (noting that "in cases involving the substitution of John Doe defendants, the notice requirement of Rule 15(c)(1)(C) provides adequate protection to the new party."). The Fourth Circuit reasoned that Rule 15(c)(1)(C)'s "emphasis on notice, rather than on the type of 'mistake' that has occurred, saves the courts not only from an unguided and therefore undisciplined sifting of reasons for an amendment but also from prejudicing would-be defendants who rightfully have come to rely on the statute of

7

limitations for repose." *Goodman*, 494 F.3d at 473. Further, the Supreme Court in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010) held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Id.* at 541. In light of this precedent, Defendants' opposition to the addition of Tomlin and Beegle to this action is meritless despite Plaintiff's late discovery of their identities. *See Vitullo v. Mancini*, 684 F. Supp. 2d 747, 754 (E.D. Va. 2010) (permitting the addition of a new plaintiff and new claims where there was a clear factual nexus between the new claims and the claim in the original complaint and where the defendant had notice and made no argument that he was prejudiced by the amendments). The Court finds that the requirements are satisfied for relation back under Rule 15(c), and, accordingly, **DENIES** Defendants' motion to dismiss all claims against Tomlin and Beegle as barred by the statute of limitations.

   B. *Failure to Exhaust Administrative Remedies*

Defendants argue that all claims asserted against them must be dismissed because Plaintiff did not exhaust her administrative remedies in accordance with 2 U.S.C. § 1997e(a). (ECF No. 9 at 6–8.) Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Germain v. Shearin*, 725 F. App'x 225, 227 (4th Cir. 2018). Exhaustion is mandatory, and courts may not excuse this statutory duty. *See id.* (citing *Ross v. Blake*, —— U.S. ——, 136 S.Ct. 1850, 1856–57 (2016); *Porter v. Nussle*, 534 U.S. 516 (2002). An inmate's failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones v. Bock*, 549 U.S. 199, 216–17 (2007).

8

"[I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Germain*, 725 F. App'x at 227 (citing *Jones*, 549 U.S. at 216) (alteration in original). Rather, "[a]n affirmative defense permits 12(b)(6) dismissal if the face of the complaint includes all necessary facts for the defense to prevail." *Id.* (citing *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850–51 (4th Cir. 2016)); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (a complaint may be dismissed on exhaustion grounds so long as the inmate is first given the opportunity to address the issue).

Plaintiff responds that she is not subject to the exhaustion requirements because she was not incarcerated at the time this action was filed in July 2017. (ECF No. at 16 at 7.) Plaintiff submitted an affidavit stating she was discharged from Lakin in March of 2017, four months before her original complaint was filed. (ECF No. 10-3 (Williams Affidavit).) Because Plaintiff was no longer an inmate at the time she filed this action, the PLRA is not applicable. *See Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 728 F. Supp. 2d 803, 820 (S.D. W. Va. 2010) (citing *Cofield v. Bowser*, 247 F. App'x 413, 414 (4th Cir. 2007) (holding that because the plaintiff "was not a prisoner when he filed his complaint, the PLRA exhaustion requirement is not applicable to his § 1983 action. A former inmate who has been released is no longer 'incarcerated or detained' for the purposes of § 1997e(h) and therefore does not qualify as a 'prisoner' subject to the PLRA").

Even though the exhaustion requirements do not apply to Plaintiff's claims, the Amended Complaint categorically states that Plaintiff exhausted her administrative remedies. (ECF No. 1-2 at 2–3 ¶ 8.) This allegation sufficiently withstands a Rule 12(b)(6) challenge. *See Moore*, 517 F.3d at 725 (stating, "inmates need not plead exhaustion, nor do they bear the burden of proving it"). Accordingly, the Court **DENIES** Defendants' motion on exhaustion grounds.

### C. Deliberate Indifference – Count I

Turning to their next argument, Defendants contend that Count I of the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 9 at 8–15.) In Count I, Plaintiff asserts a deliberate intent claim under 42 U.S.C. § 1983 for violations of the Eighth Amendment. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement" to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'to guarantee the safety of the inmates.'" In order to state an Eighth Amendment claim, a prisoner must allege sufficient facts to demonstrate that a prison official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837. Under the deliberate indifference standard, a prisoner must show that the official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," that he actually drew that inference, and that he disregarded the risk by failing to take "reasonable measure" to abate the risk. *Id.*

Here, Plaintiff alleges that the sling that caused her alleged injury was not properly maintained and needed replaced, that it was unsafe and not suitable for moving Plaintiff, and that the Wexford Defendants knew the sling was in disrepair yet failed to timely provide the necessary information to procure a replacement. She also states that the Wexford Defendants continued to authorize the use of the Hoyer lift despite having knowledge that it was in disrepair for approximately six months and "that the conditions of the sling presented a danger to Plaintiff." (ECF No. 1-2 at 2 ¶ 4, 4 ¶ 16, 5 ¶ 20.) Accepting Plaintiff's allegations as true, the Court finds

that the Amended Complaint adequately states a deliberate indifference claim against the Wexford Defendants.

With respect to Wexford, Plaintiff argues that Count I must be dismissed because the Amended Complaint only makes a conclusory allegation that "Wexford has demonstrated a pattern and practice of not expending the necessary funds to meet the needs of inmates." (*Id.*) Because Wexford is the alleged contracted medical provider for the WVDOC, a state agency, the deliberate indifference standard is applicable to the conduct of Wexford and its individual employees, who may be considered to be acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1998) (explaining that a private entity which contracts with the state to provide medical services acts "under color of state law"). However, "[a] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original). While the Court agrees that the assertion that Wexford has a pattern and practice of not expending necessary funds is devoid of any factual enhancement, the Amended Complaint also alleges that Wexford's "pattern and practice of failing to provide timely intervention to inmates" caused Plaintiff's injury. (ECF No. 1-2 at 5 ¶ 22.) Plaintiff supports this assertion with factual allegations that Wexford was responsible for providing the WVDOC with replacement information and that it repeatedly delayed in providing such information with respect to replacement components for the Hoyer lift. (*Id.* at 2 ¶ 4.) Although discovery may prove otherwise, at this stage, Plaintiff has adequately alleged an improper custom or practice to proceed with her deliberate indifference claim against Wexford.

Plaintiff also claims in Count I that Defendants' alleged conduct violated Article III § 5 of the West Virginia Constitution and Legislative Rules 95-1-1, *et seq*. Plaintiff clarifies that these state laws were referenced in the Amended Complaint simply to support her assertion that Defendants had notice of their alleged duties imposed under clearly established law. (ECF No. 16 at 8.) The Amended Complaint does not assert a state constitutional claim, and to the extend it does, this claim is dismissed based on Plaintiff's concessions.[4] Accordingly, the Court **DENIES** Defendants' motion to dismiss Count I.

*D. Premises Liability – Count VI*

Next, Defendants move to dismiss Plaintiff's premises liability claim asserted in Count VI of the Amended Complaint. Specifically, Defendants argue that this count fails to state a claim upon which relief can be granted because neither Wexford nor the Wexford Defendants are owners of the premises or the Hoyer device that is the subject of this litigation. (ECF No. 9 at 15–17.) In order to state a negligence claim based on premises liability in West Virginia, a plaintiff must allege that the owner or occupier of property owed a duty to a person injured, that the duty was breached, and that the breach of duty caused an injury. *See Hoschar v. Appalachian Power Co.*, 906 F. Supp. 2d 560, 564 (S.D. W. Va. 2012), *aff'd*, 739 F.3d 163 (4th Cir. 2014) (citing *Senkus v. Moore*, 535 S.E.2d 724, 727 (W. Va. 2000)). Importantly, "a defendant [generally] cannot be held liable for a defective or dangerous condition of property which it does not own, possess or control." *Conley v. Stollings*, 679 S.E.2d 594, 598 (W. Va. 2009) (citations omitted).

---

[4] Plaintiff also states that her negligent training and supervision claim asserted in Count II of the Amended Complaint is brought against Wexford only, not Tomlin and Beegle. (ECF No. 16 at 10.) Therefore, Defendants' motion to dismiss Count II, insofar as it asserts a claim against Tomlin and Beegle, (ECF No. 9 at 17), is **DENIED** as moot.

Here, Plaintiff makes no assertion that Wexford owned or controlled the premises (*i.e.* Lakin), the Hoyer lift, or any of its components. To the contrary, the Amended Complaint affirmatively states that the "WVDOC owned and provided the Hoyer lift." (ECF No. 1-2 at 9 ¶ 43.) Further, Plaintiff alleges that the WVDOC contracted with Wexford to simply provide health services at its correctional institutions. (*Id.* at 1 ¶¶ 2–3.) The only inference that can be drawn from these allegations is that the WVDOC owned, operated, and controlled the Hoyer lift at issue and the Lakin facility where Plaintiff was allegedly injured. Plaintiff cites *Carroll v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 3:14-cv-17012, 2015 WL 1395886 (S.D. W. Va. Mar. 25, 2015) in attempt to rehabilitate her claim. However, *Carroll* simply stands for the proposition that the owner of a jail where an inmate is housed—in that case, the Regional Jail Authority—can be liable for premises liability. *See id.* at *6 (stating, "one 'who takes charge of a third person' is 'under a duty to exercise reasonable care to control' that person to prevent him from causing reasonably foreseeable 'bodily harm to others.'" (internal citation omitted)). Plaintiff relies on her claim that Wexford "played a role in properly maintaining the lift," (ECF No. 16 at 9), but no facts are offered in the Amended Complaint to support this assertion. Indeed, the emails attached to the Amended Complaint demonstrate that Wexford simply provided replacement requests and information to the WVDOC for procurement. (ECF No. 1-2 at 12, 1–2 ¶ 4.) Further, while it is alleged that Wexford's employees were authorized to use the Hoyer lift, this fact alone does not support an inference that Wexford had control over or possessed a duty to maintain the device. (*See* ECF No. 1-2 at 10 (stating that the WVDOC possessed the sling).) Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's premises liability claim.

*E. Punitive Damages*

As a final matter, Defendants move to dismiss Plaintiff's claim for punitive damages asserted in the "Wherefore" paragraph of her Amended Complaint. Defendants argue that Plaintiff has not stated a plausible claim of "recklessness" or "malice" to warrant punitive damages in this case. (ECF No. 9 at 18; ECF No. 18 at 15–16.) In West Virginia, punitive damages "may be awarded 'in actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear.'" *Harris v. Kenan Advantage Grp., Inc.*, No. 2:18-cv-01264, 2018 WL 6182693, at *2 (S.D. W. Va. Nov. 27, 2018) (citing *Lawson Heirs Inc. v. Skyway Towers, LLC*, No. 2:17-cv-2198, 2018 WL 3381411 (S.D. W. Va. July 11, 2018) and syl. pt. 4, *Mayer v. Frobe*, 22 S.E. 58 (W. Va. 1895)). Further, the West Virginia Supreme Court of Appeals has stated that reckless conduct occurs when "the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to be aware of it, and so great as to make it highly probable that harm would follow." *Id.* (citing *Holsten v. Massey*, 490 S.E.2d 864, 877 (W. Va. 1997)).

Here, Plaintiff has demonstrated a sufficient factual basis for a claim of recklessness. In particular, she alleges that Defendants acted with recklessness by continuing to use and authorize the use of the Hoyer lift that they knew was defective and presented a safety risk. The Court cannot conclude, at this juncture, that Plaintiff has failed to state a plausible claim for punitive damages. *See Durbin v. Ball Corp.*, No. 5:07-cv-115, 2008 WL 2704587, at *2 (N.D. W. Va. July 3, 2008) (stating that "claims for punitive damages must not be dismissed unless 'it is beyond doubt that the plaintiff could prove no set of facts' entitling him to such relief." (citing *Norris v.*

*Detrick*, 918 F. Supp 977 (N.D. W. Va. 1996))). Accordingly, the Court **DENIES** Defendants' motion with respect to punitive damages.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion. (ECF No. 7.) The Court **GRANTS** Defendants' motion with respect to Count VI and **DISMISSES** Plaintiff's premises liability claim against Wexford. The Court **DENIES** the motion insofar as it seeks dismissal of any other remaining claim.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 13, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE