IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CATHY WILLIAMS,

                Plaintiff,

v.                                             CIVIL ACTION NO.  2:19-cv-00496

WEST VIRGINIA DIVISION
OF CORRECTIONS, et al.,

                Defendants.

**ORDER**

Pending before the Court is Plaintiff Cathy Williams' ("Plaintiff") unopposed Motion to Reconsider. (ECF No. 30.) For the reasons that follow, the motion is **DENIED**.

Plaintiff initiated this action after purportedly sustaining injuries while in the custody of the West Virginia Division of Corrections ("WVDOC") at the Lakin Correctional Center. (ECF No. 1-2 at ¶ 1.) Wexford Health Sources, Inc. ("Wexford") is a third-party contractor that provides health services for the WVDOC. (*Id.* ¶ 3.) In her Amended Complaint, Plaintiff contends that while a Wexford employee was moving her with a Hoyer lift, the attached sling broke and caused injuries to her femur and hip. (*Id.* at ¶¶ 1, 6, 13.)

On February 13, 2020, this Court entered a Memorandum Opinion and Order, granting in part and denying in part a motion to dismiss filed by Wexford, and Wexford Employees, Craig Smith, Paula Tomlin, and Heidi Beegle (collectively, "Wexford Defendants"). (*See* ECF No. 29.) Pertinent here, the Memorandum Opinion and Order dismissed Plaintiff's premises liability claim

under Count VI of the Amended Complaint for failure to state a claim upon which relief can be granted. Wexford Defendants argued that Plaintiff's assertion that Wexford Defendants had a duty to maintain the premises and the equipment at issue is conclusory. They further argued that this allegation was inadequate to state a claim in light of Plaintiff's admissions that the WVDOC owned the equipment and was responsible for procuring and paying for all equipment and replacement parts used in its facilities. (ECF No. 9 at 16.)

This Court applied the West Virginia Supreme Court's ruling in *Conley v. Stollings*, 679 S.E.2d 594, 598 (W. Va. 2009). There, the court held that "a defendant [generally] cannot be held liable for a defective or dangerous condition of property which it does not own, possess or control." (ECF No. 29.) While acknowledging the claim that Wexford was "responsible for maintaining the premises . . . as well as the equipment used to lift and move plaintiff," (ECF No. 1-2 at ¶ 3), the Court found that this assertion failed to plausibly allege a duty given other admissions contained in the Amended Complaint and the documents attached thereto.

Specifically, the Amended Complaint alleges that the WVDOC owns the property and the Hoyer lift, not the Wexford Defendants. (*Id.* ¶ 43.) The Amended Complaint also cites to emails attached to the pleading and claims that "the WVDOC was responsible for paying for and/or procuring a new sling" but the "WVDOC failed to do so." (*Id.*) Indeed, the correspondence corroborates this allegation and shows that while Wexford Defendants may have been responsible for informing the WVDOC about the need for repairs, ultimately, the WVDOC was obligated to procure and pay for replacement parts and equipment. (*Id.* at 11–12.) Having properly considered the Amended Complaint, the Court found that these allegations did not support an inference that the Wexford Defendants owned, possessed, or controlled the Hoyer sling. *See*

2

generally *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff now moves for reconsideration of this Court's judgment on that claim.

Rule 54(b) of the Federal Rules of Civil Procedure governs reconsideration of interlocutory orders and opinions. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991). This Court possesses "broad[] flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citations omitted and emphasis removed). This Court "may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* (alteration and internal quotation marks omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to [Federal Rule of Civil Procedure] 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id.* (internal quotation marks omitted); *see Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." (internal quotation marks omitted)).

Notwithstanding the deficiency in the pleading, Plaintiff now contends that evidence obtained during discovery supports the allegation that Wexford Defendants were responsible for maintaining the Hoyer lift at issue and asks this Court to reinstate her premises liability claim.

(ECF No. 31 at 2.) Plaintiff has submitted portions of testimony elicited from three WVDOC employees. Each witness testified that Wexford was solely responsible for inspecting the medical equipment, including the Hoyer lift, at the facility. They further attested that the Hoyer lift was used exclusively by Wexford. Plaintiff contends that, based on this testimony, a duty to inspect can be inferred from the Amended Complaint as a critical component of maintenance, and, ultimately, asks this Court to construe the Amended Complaint to conform with the evidence.

While this newly established evidence does offer factual support for the element of duty that was initially lacking in the Amended Complaint, Plaintiff cannot use a motion to reconsider to take a second bite at the apple and craft a new or improved claim. *See Mey v. Venture Data, LLC*, No. 5:14-cv-123, 2017 WL 10398567, at *2 (N.D. W. Va. July 6, 2017) (citing *Wootten v. Com. of Virginia*, 2016 WL 4742336, at *3 (W.D. Va. 2016)). The more appropriate recourse to cause the pleading "to conform to the evidence" would have been to move to formally amend it pursuant to Federal Rule of Civil Procedure 15. However, Plaintiff has not done so.

Accordingly, Plaintiff's Motion to Reconsider, (ECF No. 30), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 14, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE